# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JERRY D. O'MAHONY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV35 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Jerry O'Mahony, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of Defendant, the Acting Commissioner of Social Security, denying Plaintiff's claims for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), and for Supplemental Security Income ("SSI") under Title XVI of the Act. (See Docket Entry 1.) The Court has before it the certified administrative record (cited herein as "Tr. __"). Plaintiff has filed a Motion for Summary Judgment (Docket Entry 9) and Defendant has filed a Motion for Judgment on the Pleadings (Docket Entry 13). For the reasons that follow, the Court should remand the matter for further consideration.

## PROCEDURAL HISTORY

Plaintiff applied for DIB, a period of disability, and SSI, with an amended onset date of July 11, 2011. (Tr. 192-94, 195-99.) After denial of his application, both initially (Tr. 92, 93) and on reconsideration (Tr. 118, 119), Plaintiff requested a hearing de novo before an Administrative Law Judge ("ALJ") (Tr. 147-48). Plaintiff, his attorney, and a vocational expert attended the hearing. (Tr. 26-71.) The ALJ thereafter determined that Plaintiff did not qualify as disabled within the meaning of the Act. (Tr. 16-25.) The Appeals Council subsequently denied Plaintiff's request for review, thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review. (Tr. 1-3.)

In rendering that disability ruling, the ALJ made the following findings later adopted by the Commissioner:

> 1. [Plaintiff] meets the insured status requirements of the Social Security Act through March 31, 2012.
>
> 2. [Plaintiff] has not engaged in substantial gainful activity since July 11, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. [Plaintiff] has the following severe impairments: pancreatitis and anemia (20 CFR 404.1520(c) and 416.920(c)).
>
> . . .
>
> 4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part

2

>    404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525,
>    404.1526, 416.920(d), 416.925 and 416.926).
>
>    . . .
>
>    5. . . . [Plaintiff] has the residual functional capacity
>    to perform light work as defined in 20 CFR 404.1567(b)
>    and 416.967(b) except that [Plaintiff] is limited to
>    occasional balancing, stooping, kneeling, crouching, and
>    crawling.  He should avoid concentrated exposure to
>    hazardous conditions.

(Tr. 18-21.)

In light of the foregoing findings regarding residual functional capacity, the ALJ determined that Plaintiff could perform his past relevant work as an auto part salesperson. (Tr. 23.) Alternatively, the ALJ noted that a significant number of other jobs existed in the national market that he could perform. (Tr. 23-24.) Accordingly, the ALJ ruled that Plaintiff did not have a disability, as defined in the Act, at any time from the alleged onset date through the date last insured. (Tr. 24.)

## DISCUSSION

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of . . . review of [such a] decision . . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits]

3

if they are supported by substantial evidence and were reached through application of the correct legal standard." Hines, 453 F.3d at 561 (internal brackets and quotation marks omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal brackets and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the [C]ourt should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ, as adopted by the Social Security Commissioner]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Social Security Commissioner] (or the ALJ)." Id. at 179 (internal quotation marks omitted). "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not

4

disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In confronting that issue, the Court must note that "[a] claimant for disability benefits bears the burden of proving a disability," Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981), and that, in this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months,'" id. (quoting 42 U.S.C. § 423(d)(1)(A)). "To regularize the adjudicative process, the Social Security Administration has . . . promulgated . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's] medical condition." Id. "These regulations establish a 'sequential evaluation process' to determine whether a claimant is disabled." Id. (internal citations omitted).

This sequential evaluation process ("SEP") has up to five steps: "The claimant (1) must not be engaged in 'substantial gainful activity,' i.e., currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent

5

Case 1:13-cv-00035-WO-LPA   Document 15   Filed 06/03/15   Page 5 of 12

that the claimant does not possess the residual functional capacity to (4) perform [the claimant's] past work or (5) any other work." Albright v. Commissioner of Soc. Sec. Admin., 174 F.3d 473, 475 n.2 (4th Cir. 1999).[1] A finding adverse to a claimant at any of several points in the SEP forecloses an award and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at each of the first three steps, "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment, the ALJ must assess the claimant's residual functional capacity ('RFC')." Id. at 179.[2] Step four then requires the ALJ to assess

---

[1] "Through the fourth step, the burden of production and proof is on the claimant. If the claimant reaches step five, the burden shifts to the [government] . . . ." Hunter, 993 F.2d at 35 (internal citations omitted).

[2] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that administrative regulations require RFC to reflect claimant's "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and

6

whether, based on that RFC, the claimant can perform "past relevant work" ("PRW"); if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, whereupon the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.[3]

## ASSIGNMENT OF ERROR

Plaintiff argues that the ALJ erred by not considering and explaining the effect of Plaintiff's recent history of frequent hospitalizations on his ability to obtain and sustain employment. (Docket Entry 10 at 3-5.) Plaintiff notes that, from the period of the onset date to the hearing, he spent approximately 25 days

---

any related symptoms (e.g., pain)." Hines, 453 F.3d at 562-63.

[3] A claimant thus can qualify as disabled via two paths through the SEP. The first path requires resolution of the questions at steps one, two, and three in the claimant's favor, whereas, on the second path, the claimant must prevail at steps one, two, four, and five. Some short-hand judicial characterizations of the SEP appear to gloss over the fact that an adverse finding against a claimant on step three does not terminate the analysis. See, e.g., Hunter, 993 F.2d at 35 ("If the ALJ finds that a claimant has not satisfied any step of the process, review does not proceed to the next step.").
7

hospitalized.  (Id. at 4; see also Tr. 255-58 (elaborating on Plaintiff's hospitalizations in his hearing brief).)  Further, at the hearing, Plaintiff (through counsel) asked the vocational expert "if, during a 10-month period of working, the individual would be out of work for approximately 25 days, would that affect your testimony in any way?"  (Tr. 69.)  The vocational expert confirmed that circumstance "would not allow for competitive employment."  (Tr. 69.)  Accordingly, Plaintiff claims that the ALJ should have, but failed to, address the effect of Plaintiff's recent history of frequent hospitalizations.  (Docket Entry 10 at 4-5.)

Defendant contends that the "failure to discuss a specific piece of evidence is not an indication that the evidence was not considered."  (Docket Entry 14 at 7 (relying on parenthetical quotation in Malloy v. Colvin, 1:10-cv-420, 2013 WL 2147681, at *6 (M.D.N.C. May 16, 2013) (unpublished) (Webster, M.J.), recommendation adopted, slip op. (M.D.N.C. July 10, 2013) (Beaty, J.)).)  Defendant argues the ALJ must have considered and rejected Plaintiff's hospitalization argument because the ALJ cited Plaintiff's hearing brief which contained that argument.  (Id. at 7-8 (citing Tr. 16, 19).)  Thus, Defendant asserts, the Court should overrule Plaintiff's assignment of error and affirm the denial of benefits.

8

Although the ALJ's failure to discuss a particular piece of evidence does not necessarily indicate that the ALJ failed to consider the evidence, see Malloy, 2013 WL 2147681, at *6, the ALJ's opinion must still demonstrate that "all relevant evidence was considered, though not written about, in reaching the ultimate decision," Mellon v. Astrue, No. 4:08-2110-MBS, 2009 WL 2777653, at *13 (D.S.C. Aug. 31, 2009) (unpublished). In this case, the ALJ did not demonstrate that she took Plaintiff's recent history of frequent hospitalizations into account.

Defendant's reliance on the ALJ's citations to Plaintiff's hearing brief fails. The first citation occurs in the context of the ALJ's discussion of the amended onset date. (Tr. 16.) The second citation involves the ALJ noting that Plaintiff did not argue that his tinnitus constituted a severe impairment. (Tr. 19.) Such citations do not demonstrate that the ALJ considered the specific evidence at issue. Moreover, nothing appears in the ALJ's decision to show that she considered Plaintiff's recent history of frequent hospitalizations or rejected the vocational expert's opinion that prospective absenteeism at that rate would preclude competitive employment. (See Tr. 16-25.) Accordingly, the record does not establish that "all relevant evidence was considered, though not written about, in reaching the ultimate decision," Mellon, 2009 WL 2777653, at *13; see also Richmond v. Chater, 94 F.3d 647 (table), 1996 WL 467653, at *4 (7th Cir. 1996) (holding

9

that an "ALJ may not select and discuss only that evidence that favors his ultimate conclusion").

Other courts have noted the significance of evidence of frequent hospitalizations and the need for ALJs to confront such evidence in their decisions. See Kangas v. Bowen, 823 F.2d 775, 778 (3d Cir. 1987) (remanding based on the ALJ's failure to consider the claimant's frequent hospitalizations); Sweeney v. Commissioner of Soc. Sec., 847 F. Supp. 2d 797, 806 (W.D. Pa. 2012) (observing that the ALJ failed to consider a claimant's frequent hospitalizations and remanding for further consideration); see also Rizzo v. Astrue, No. 8:09-CV-477-T-TGW, 2010 WL 137805, at *2 (M.D. Fla. Jan. 12, 2010) (unpublished) (ordering remand because the ALJ failed to consider potential numerous absences from work due to impairment). In sum, the ALJ erred by failing to analyze the effect of Plaintiff's recent history of frequent hospitalizations on his ability to obtain employment, and the Court should remand this case for further consideration of that issue.

Defendant makes two additional arguments in attempting to moot Plaintiff's position. First, Defendant contends that Plaintiff's hospitalizations resulted from his excessive drinking and failure to follow medical advice, and that the Commissioner could deny Plaintiff's benefits for that reason. (Docket Entry 14 at 8.) Second, Defendant suggests that remand would serve no purpose as the ALJ would simply reaffirm the finding of no disability on the

basis that Plaintiff had inadequately demonstrated his inability to work for a 12-month period. (Id. at 9.) In that regard, Defendant notes that the Act requires an individual to prove the existence of a physical or mental impairment which has lasted or can be expected to last at least 12 months, and which has left or would leave the individual unable to work for at least 12 months. (Id.) Defendant concedes the former and contests the latter. (Id.) Specifically, Defendant contends that the evidence presented to the ALJ demonstrated that Plaintiff could not work from July 2011 to April 2012 - a period of 10 months, not 12 months - thereby failing to meet the Act's definition of disability. (Id.) Accordingly, Defendant posits, remand would accomplish nothing. (Id.)

The ALJ did not make any determination on either of Defendant's foregoing arguments (see Tr. 16-25), and the Court cannot consider post-hoc rationalizations, see Anderson v. Colvin, No. 1:10CV671, 2014 WL 1224726, at *1 (M.D.N.C. Mar. 25, 2014) (unpublished) (Osteen, C.J.) (citing Securities & Exch. Comm'n v. Chenery Corp., 332 U.S. 194 (1947)). Chenery limits the Court to reviewing the rationalizations initially put forth by an administrative agency. Id.[4] As to Defendant's first argument, the ALJ did not address whether Plaintiff's alleged failure to follow

---

[4] Although the Court uses a harmless error standard of review, Dyrda v. Colvin, 47 F. Supp. 3d 318, 326 (M.D.N.C. 2014), the Court cannot "parse the administrative transcript and make several dispositive findings of fact that the ALJ did not make," Anderson, 2014 WL 1224726, at *4.

11

treatment would constitute a basis for denying benefits. (See Tr. 16-25.) Such a decision would conceivably require a detailed analysis of, inter alia, the impairment's causes and treatment, whether the treatment would effectively alleviate the symptoms of the impairment to allow for work, and whether the individual complied with the treatment. See generally Nunley v. Barnhart, 296 F. Supp. 2d 702, 703-04 (W.D. Va. 2003) (discussing the steps an ALJ took in denying benefits based on treatment non-compliance); Social Security Ruling 82-59 (requiring that a claimant have opportunity to explain any treatment non-compliance). Similarly, whether Defendant's impairment would have prevented him from working for 12 months would likely require factual findings that the ALJ has not made. Accordingly, Defendant's arguments fail.

**IT IS THEREFORE RECOMMENDED** that Defendant's decision finding no disability be reversed and that the matter be remanded under sentence four of 42 U.S.C. § 405(g), for further administrative proceedings to evaluate whether Plaintiff's recent history of frequent hospitalizations affects his ability to obtain gainful employment. As a result, Defendant's Motion for Judgment on the Pleadings (Docket Entry 13) should be denied and Plaintiff's Motion for Summary Judgment (Docket Entry 9) should be granted.

/s/ L. Patrick Auld
**L. Patrick Auld
United States Magistrate Judge**
June 3, 2015